John T. DUNLOP, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

The RESOURCE SCIENCES CORPORATION, a corporation, Defendant.

No. 74–C–316.

United States District Court, N. D. Oklahoma.

Jan. 23, 1976.

Order Sustaining Defendant's Motion to Dismiss Feb. 13, 1976.

Harry L. Seay, III, Hall, Estill, Hardwick, Gable, Collingsworth & Nelson, Tulsa, Okl., for defendant.

COOK, District Judge.

## ORDER

The Court has before it for consideration the Motion of the defendant, Resource Sciences Corporation, to Dismiss paragraph VIII and all other parts of the Complaint which seek relief under the Age Discrimination Act on the grounds that plaintiff, John T. Dunlop, failed to comply with the jurisdictional prerequisites before bringing this case to this Court. The Age Discrimination Act, 29 U.S.C. § 626(b) provides in part,

> "Before instituting any action under this section, the Secretary shall attempt to eliminate the discriminatory practice or practices alleged, and to effect voluntary compliance with the requirements of this chapter through informal methods of conciliation, conference, and persuasion."

Defendant relies on *Brennan v. Ace Hardward Corp.,* 495 F.2d 368, 374 (8th Cir. 1974) as support for its proposition that the quoted language of § 626(b) requires the Secretary of Labor to " . . . initially use exhaustive, affirmative action to achieve conciliation before legal action is begun." In affirming the District Court's judgment in favor of the defendant the Eighth Judicial Circuit placed a heavy burden on the Secretary to actively pursue a resolution to the conflict.

The District Court found that two personal meetings, and one telephone call between a compliance officer from the Department of Labor and the employer along with a four-month interval between the last conversation and the filing of the lawsuit were not sufficient to satisfy the requirements of § 626(b). In affirming these findings the Eighth Judicial Circuit concluded that compliance with § 626(b) is not a rigid test but a program which must be flexible and responsive to the attitudes of the employer. However, the Circuit agreed with

Wm. J. Kilberg, Ronald M. Gaswirth, Wm. E. Everheart, Richard L. Collier, Dallas, Tex., for plaintiff.

the District Court when it found that active pursuit of voluntary compliance required some type of notification to the violator, 1) of what the Secretary desires the violator to do in order to comply, 2) informing the violator that back wages may be recovered, 3) that the file was being referred to the Secretary for review and possible legal action, and 4) that the violator should be given an opportunity to respond "to the violations in light of a 'make whole' remedy." *Brennan* at 375. In the eyes of the District Court, active pursuit of compliance is not allowing a case to lay dormant for four months.

In support of its Motion to Dismiss, the defendant, through the affidavit of Harold J. Wages, Vice President and General Counsel of defendant, asserts the following contacts with the Secretary of Labor. On November 19, 1973, the affiant conferred with Mr. Spear from the Department of Labor on defendant's premises. The affiant was informed of the complaint filed by Victor Houser. Mr. Spear interviewed employees of defendant on November 19, 1973. In January, 1974, Mr. Spear demanded to conduct interviews of defendant's employees without the presence of defendant's officials. Defendant refused such a request and demanded to see copies of the complaints lodged against it. Shortly thereafter the affiant contacted the Dallas office of the plaintiff and requested copies of the complaints. Each of the parties reiterated its demands. The defendant was advised that the Department of Labor "would either seek the records through administrative discovery or file suit, but we were specifically advised by the Department in Dallas that we had not at that time been found guilty of discrimination as charged, and that we would be advised later when the investigation was complete." (Affidavit of Wages page 2). According to affiant on January 30, 1974, the last telephone conversation between the parties took place before plaintiff filed suit on August 5, 1974. This last contact consisted of a demand

by defendant to have counsel present at any interviews on company premises and a demand for copies of the complaints against defendant. Defendant refused to allow further document discovery or interviews unless these demands were met by plaintiff. Affiant has knowledge of interviews with at least two of defendant's employees by plaintiff which were conducted off defendant's premises. Affiant Wages asserts that,

> "[A]t no time before suit was filed were defendant's officers, management, or counsel advised (1) that Plaintiff had administratively found Defendant in violation of the Age Discrimination Act, or (2) what Plaintiff required of Defendant to comply voluntarily with the Age Discrimination Act, or (3) that unless Defendant did the things specified by Plaintiff to comply voluntarily with the Age Discrimination Act it would be sued without further notice, nor did Plaintiff (4) request Defendant to bring itself into voluntary compliance with the Age Discrimination Act in regard to this proceeding."

The defendant has attempted by way of Requests for Admissions to determine whether any actions other than those recited above had been taken by the plaintiff before filing suit. Plaintiff filed Plaintiff's Answers to Defendant's Request for Admissions on September 8, 1975, wherein the plaintiff does not dispute the assertions of non-compliance by the plaintiff with § 626(b) but wherein plaintiff takes the position that defendant's "unwillingness to cooperate on the part of the Defendant effectively prevented Plaintiff from following the procedures and making the determinations which normally are a part or by-product of Plaintiff's investigatory and conciliatory efforts and, further, said unwillingness to cooperate rendered futile any attempts by Plaintiff to continue those investigatory and conciliatory efforts." (Answer I of Answers to Request for Admissions).

Plaintiff denies that more than six months expired between the last contact

between the parties and the filing of this lawsuit on August 5, 1974. (Answer to Request for Admission V filed Sept. 8, 1975). On November 14, 1975, the plaintiff answered Defendant's Second Requests for Admissions by inserting "Denied" after each request except for Request for Admissions No. 1 and No. 8 after which plaintiff inserted the word "Admitted". With few exceptions the plaintiff appears to admit the requests of defendant and to explain its actions by alleging uncooperativeness on the part of the defendant. Defendant contends that the responses to the Request for Admissions have not met the substance of the requested admission and that the Court should rule that the requests are admitted pursuant to Rule 36(a) of the Fed.R.Civ.P.

The plaintiff responds to the allegation of non-compliance with Title 29 U.S.C. § 626(b) by citing a recent yet unpublished case from the Fourth Judicial Circuit, *Hodgson v. Approved Personnel Service, Inc.*, 529 F.2d 760, Decided October 28, 1975, and arguing that where the defendant refuses to cooperate in the investigation or attempts to conciliate the Department of Labor has no alternative but to file suit. At the outset one distinction between *Hodgson* and *Brennan v. Ace Hardward Corp.*, supra, is obvious. Where the compliance officer in *Ace Hardware Corp.* met with denials of a violation and thus a requirement that the Department of Labor find a violation the compliance officer in *Hodgson* met with an admission to the violation and a firm promise to comply with the act. It appears that the officer in *Hodgson* conciliated the violation. The problem was that Approved Personnel Service, Inc., did not honor its promise.

Plaintiff submits the affidavit of Richard L. Collier, attorney for the United States Department of Labor, wherein affiant states that he supervised the investigation in this case and found that Victor Houser was discharged because of his age. Affiant states that this was brought to the attention of officials of defendant on November 19, 1973. Affiant asserts that defendant refused to allow the plaintiff to conclude its investigation by examining the records of Resource Sciences Corp. and interviewing employees of defendant on corporate premises. Affiant states that subsequent telephone conversations were conducted between Mr. Harry Seay, counsel for defendant, and George T. Avery, Regional Solicitor for the Department of Labor, and that one such conversation occurred in February, 1974. On December 26, 1975, defendant filed Plaintiff's Answers to Defendant's Second Interrogatories wherein the plaintiff states that George T. Avery had no record of a telephone conversation with Mr. Harry Seay in February, 1974. Affiant states that he has discussed the re-employment of Mr. Houser with Mr. Seay as late as November 7, 1975, and was unable to secure re-employment.

Plaintiff argues that "[T]he statute requires an employer to make his records available for examination by the United States Department of Labor."

Title 29 U.S.C. § 626(a) provides that,

"The Secretary shall have the power to make investigations and require the keeping of records necessary or appropriate for the administration of this chapter in accordance with the powers and procedures provided in sections 209 and 211 of this title."

Title 29 U.S.C. § 209 refers to "sections 49 and 50 of Title 15 (relating to the attendance of witnesses and the production of books, papers, and documents)," in effecting an investigation, and Title 29 U.S.C. § 211 grants the Secretary authority to enter and inspect such places and such records and to question employees as he may deem necessary. Title 15 U.S.C. § 49 provides for subpoena power of the Secretary where the investigation is being prevented by refusal to cooperate. Title 15 U.S.C. § 50 provides for offenses and penalties where a person refuses to respond to a lawful inquiry or subpoena of the Secretary. It is clear that Congress has provided a lever for

the Department of Labor to aid in its investigation of suspected violations. The question is whether failure to cooperate would allow the Secretary to choose his remedy of compelling access to records and employees under Title 15 U.S.C. §§ 49, 50 or filing a lawsuit without attempting to conciliate, confer or persuade. If the Secretary was at liberty to make a choice the purpose of § 626(b) would not be compelling and its usefulness defeated. It is the conclusion of the Court that standing alone a failure to cooperate with the Secretary during the investigative stages does not waive the requirement of the Secretary to conciliate, confer and persuade.

The question remains as to whether notice of an administrative finding of a violation, a referral to the Secretary for review, an intent to file a lawsuit and/or what the Secretary requires for compliance must be given before the Secretary has satisfied § 626(b).

Attached to Plaintiff's Reply Brief filed on December 15, 1975, are copies of excerpts from the Congressional Record which are provided by the Secretary as support for the proposition that the language of § 626(b) is directional only as to the Secretary and not mandatory in the tradition of a jurisdictional prerequisite. Exhibits A, B and C state that the enforcement provisions are modeled after those of the Fair Labor Standards Act (29 U.S.C. § 201 et seq.). However, no requirement of conciliation is present in the Fair Labor Standards Act. Exhibits A & B use the language "Directs the Secretary to attempt to secure voluntary compliance through conciliation before instituting action . . . ." The plaintiff argues that the provision to attempt conciliation is directory and not mandatory as exhibited by the language of Exhibits A & B. Not surprisingly the plaintiff also argues that *Ace Hardware Corp.* was improperly decided. Plaintiff would have the Court apply the teaching of *Hodgson* and find that the Secretary took reasonable measures in attempting to conciliate a violation. The language of § 626(b) is not vague. "Before insti-

tuting any action under this section, the Secretary *shall* attempt to eliminate . . . ." (Emphasis added). The use of "reasonable measures" to attempt to eliminate the discriminatory practice would not appear to be in conflict with the requirement that the Secretary "shall attempt to eliminate discriminatory practices . . . ."

The cases of *Brennan v. Ace Hardware Corp.* and *Hodgson v. Approved Personnel Service, Inc.,* supra, do not appear to be in conflict. Both cases recognize the need for a flexibility in interpreting the words "conciliation, conference and persuasion" as contained in § 626(b). Congress placed some duty on the Secretary to attempt to settle a conflict before filing a lawsuit. The facts of each case must be employed to determine whether the Secretary has used reasonable measures in attempting to conciliate. However, failure to cooperate in an investigation is not sufficient grounds to allow the Secretary to avoid § 626(b) since the Secretary must determine whether a violation exists. Here the records of the defendant were either not needed to support a conclusion that a violation had been committed or the Secretary assumed that a violation existed without proof from the records. In other words the Secretary either had obtained enough information at the November 19, 1973, meeting to find a violation and could have notified the defendant that it intended to file a lawsuit or he filed the lawsuit without knowing whether but assuming that a violation had been committed.

The facts as to the Secretary's actions have not been fully developed. The record is not complete as to the extent of the interviews with and notifications to the defendant. This gap in the record is due in a large part to the failure of the plaintiff to respond adequately to defendant's Requests for Admissions, filed on August 8, 1975.

 In summary a reading of the Age Discrimination in Employment Act and the cases cited by the parties indicate, and the Court so finds, that the

Secretary has a two-fold obligation before bringing suit to enforce the provisions of the ADEA. First the Secretary must investigate the alleged violation. To aid in investigating an uncooperative subject the Secretary may, under Title 29 U.S.C. § 211(a), seek a Court order to compel the recalcitrant to cooperate or the Secretary may issue a subpoena under Title 15 U.S.C. § 49. From the investigation, the Secretary is in a position to know whether a violation has occurred and must then attempt to correct the matter through informal methods of conciliation, conference and persuasion. Attempted conciliation is the second obligation of the Secretary. If no satisfactory result can be reached through the attempt to conciliate the Secretary may then file suit. In this case it is clear that the Secretary investigated the complaint of Victor Houser. It is also clear that the Secretary desired to investigate further but met with opposition to the investigation. After several conversations between the attorneys for the parties, the plaintiff filed this lawsuit. The record does not show that the plaintiff attempted conciliation. The defendant, through its Requests for Admissions, has sought information which would tend to show what actions were taken by the Secretary to attempt conciliation, conference or persuasion. While the defendant has reached some of the requested admissions through the answers to defendant's interrogatories filed on December 26, 1975, the information as to what the Secretary did to conciliate is not provided.

It is the conclusion and order of the Court that the plaintiff be required to more fully respond to all of defendant's Requests for Admissions filed on August 8, 1975. Plaintiff will be granted until February 2, 1976, to respond to the Request for Admissions and/or comply with the provisions of this Order. Failure to respond as ordered will be considered by the Court as an admission to defendant's requests. The defendant is hereby granted until February 9, 1976, to respond to the plaintiff's answers. The Motion to Dismiss will be held in abeyance until February 9, 1976, at which time the Court will consider all the information the parties have provided in support and in opposition to the Motion to Dismiss.

It is so Ordered this 22nd day of January, 1976.

## ORDER SUSTAINING DEFENDANT'S MOTION TO DISMISS

On November 7, 1975, the defendant, Resource Sciences Corporation, moved the Court to dismiss paragraph VIII of plaintiff's complaint and any other parts of plaintiff's complaint which claim relief for a violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. Defendant contends that the plaintiff, before filing suit, failed to notify defendant that it had been administratively found guilty of discriminatory practices under said Act and that the plaintiff failed to attempt conciliation, conference and persuasion as required by § 626(b) of the Act.

The Court carefully considered the arguments of counsel both in support and in opposition to the defendant's Motion to Dismiss. After reviewing the entire file, the Court issued an Order which was filed in the record on January 23, 1976, wherein the Court extensively explored the jurisdictional requirements of Title 29 U.S.C. § 621 and specifically addressed itself to the language of 29 U.S.C. § 626(b) in regard to the requirement of attempting conciliation, conference and persuasion. The Court concluded that the plaintiff had not fully responded to all of the defendant's Requests for Admissions filed on August 8, 1975, and directed him to respond to these requests no later than February 2, 1976.

Plaintiff has admitted the Defendant's Request for Admissions with the qualification as asserted in his first answers to the Request filed on September 8, 1975, which is that the defendant refused to cooperate with the Wage and Hour Compliance Officer, Mr. J. Dean Speer, and that such failure to cooperate effectively

prevented plaintiff from following the procedures and making the determinations which normally are a part or by-product of plaintiff's investigatory and conciliatory efforts. In the response to Defendant's Request for Admission No. 5 the plaintiff states that the last telephone conversation of Mr. George T. Avery, Regional Solicitor, with Mr. Harry Seay, III, counsel for defendant, occurred on January 30, 1974.

The plaintiff has filed a further statement in opposition to the defendant's Motion to Dismiss where he again asserts that conciliation attempts were prevented by the defendant's refusal to make its records available. The plaintiff cites to the case of *Brennan v. Ace Hardware Corp.*, 495 F.2d 368 (8th Cir. 1974) as support for his request for a stay of this proceeding to permit the Secretary to make necessary additional efforts toward effecting voluntary compliance. The plaintiff has attached a copy of an Order issued by the District Court for the District of New Mexico in the case of *Dunlop v. Sandia Corporation* (No. 75–150) wherein the District Court granted a stay to permit the Secretary to make further efforts at conciliation.

After again considering the circumstances surrounding the defendant's Motion to Dismiss the claims under Title 29, U.S.C. § 621 et seq. and after perusing the entire record, it is the finding and conclusion of the Court that the jurisdictional prerequisites of attempted conciliation, conference and persuasion have not been met as required by 29 U.S.C. § 626(b). In making its determination, the Court incorporates herein the reasoning and conclusions of its Order entered on January 23, 1976. The thrust of *Brennan v. Ace Hardware Corp.*, supra, is that without an attempt on the part of the Secretary to conciliate, this Court has no jurisdiction to hear the complaint based on the Age Discrimination in Employment Act. Without explanation the Secretary waited six (6) months after the last contact with the defendant before filing suit. The plaintiff admits that he did not make a determination as to the fact and extent of age discrimination. The Court is not unsympathetic to the difficulties encountered in investigating a complaint against a recalcitrant employer. Yet the Secretary is not without the power to effect an investigation when he has the force of subpoena as provided by 29 U.S.C. § 209. Congress has given the Secretary the tools which aid in an investigation. Where the Congress has provided the means to effect an investigation, the Secretary is not provided with a choice of either conducting an investigation by following § 209 or investigating by means of discovery after a suit is filed. He must utilize the procedures provided under the Act.

The circumstances of each case circumscribe the reasonableness of conducting an investigation. Such circumstances will direct the point at which conciliation conference and persuasion becomes an appropriate activity. In some cases an investigation may not be necessary. The statute does not require that an investigation be conducted. The statute does require an attempt to conciliate. The Court cannot simply ignore the mandate of 29 U.S.C. § 626(b).

> "Before instituting any action under this section, the Secretary *shall* attempt to eliminate the discriminatory practice or practices alleged, and to effect voluntary compliance with the requirements of this chapter through informal methods of conciliation, conference, and persuasion." (emphasis supplied).

To conciliate means to reconcile, compromise, placate or otherwise satisfy the grievance of the complainant. To attempt conciliation means to take some affirmative action or to make some reasonable effort to resolve the differences. The record before the Court is devoid of any affirmative action which the Secretary took in an effort to resolve the alleged age discrimination. The Secretary asserts that he did not attempt conciliation because the defendant was uncooperative in the investigation of the charges. Failure to cooperate in an in-

vestigation does not relieve the Secretary of his obligation to attempt conciliation.

In the case of *John T. Dunlop v. Sandia Corp.,* No. 75–150 (D.N.M.1975) the District Court stated that the burden to conciliate falls on the Secretary.

"In order to conciliate meaningfully, the Secretary should demonstrate the validity of its claim notwithstanding the fact that the data is available to defendant in its own files."

While the court in *Sandia Corp.* granted a stay to allow the Secretary to attempt conciliation, the action was filed because the statute of limitations was about to run. In the case before the Court the action on behalf of Victor H. Houser under the Age Discrimination in Employment Act accrued on October 15, 1973. (See Answer to Interrogatory IV p. 9, filed April 16, 1975.) A two-year statute of limitations is provided in Title 29 U.S.C. § 255(a) and would not have run until October 15, 1975. Plaintiff filed suit on August 5, 1974, more than one year before plaintiff would have been foreclosed by the statute. The first request of plaintiff for a stay to attempt conciliation appeared in "Plaintiff's Statement in Opposition to Defendant's Motion to Dismiss" filed in the record on November 20, 1975. More than two years after the alleged offense the Secretary requests a stay to further attempt to conciliate. Even if § 626(b) permitted the Court to grant such a stay the plaintiff has had ample opportunity prior to this late date to attempt or further attempt conciliation.

It is the finding and conclusion of the Court that plaintiff has failed to conciliate the charges of age discrimination as required by Title 29 U.S.C. § 626(b) and that attempted conciliation is a jurisdictional prerequisite to maintaining this cause in this Court. Regretfully the Court has no choice but to sustain defendant's Motion to Dismiss for lack of jurisdiction and to dismiss plaintiff's cause under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.

It is so Ordered this 13th day of February, 1976.