W. J. USERY, Jr., (Successor to John T. Dunlop), Secretary of Labor, United States Department of Labor

v.

SUN OIL COMPANY (DELAWARE), a corporation.

No. CA 3–74–1164–C.

United States District Court, N. D. Texas, Dallas Division.

Dec. 3, 1976.

William J. Kilberg, Sol. of Labor, Washington, D.C., Ronald M. Gaswirth, Regional Sol., William E. Everheart, Acting Counsel for Employment Standards, George K. Weber, Atty., U. S. Dept. of Labor, Dallas, Tex., for plaintiff.

Thomas C. Unis and Wm. M. Rippey, Strasburger, Price, Kelton, Martin & Unis, E. M. Cage, Rufus N. McKnight, Jr., and G. David Neal, Dallas, Tex., for Sun Oil Co.

## MEMORANDUM OPINION

WILLIAM M. TAYLOR, Jr., Chief Judge.

The Secretary of Labor brought this action to enjoin Defendant Sun Oil Company from violating certain provisions of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* The case is now before the Court on Defendant's motion for summary judgment. Defendant contends that the Secretary failed to comply with the statutory directive of 29 U.S.C. § 626(b), which requires that the Secretary, before instituting suit, "attempt to eliminate the discriminatory practice or practices alleged, and to effect voluntary compliance with the requirements of [the Act] through informal methods of conciliation, conference, and persuasion."

The facts surrounding this controversy are as follows. During 1972, Sun Oil Company terminated 156 employees from its North American Exploration and Production Group. In January, 1973, one of those employees, Cecil J. Dearman, notified the Secretary of Labor of his intent to sue Sun Oil for allegedly violating the Age Discrimination in Employment Act. Dearman's complaint was referred to Frank Fritts, a compliance officer for the Department of Labor.

Pursuant to his duties as a compliance officer, Fritts contacted representatives of Sun Oil and informed them of the Dearman complaint. On February 16, 1973, Fritts met with three representatives of Sun Oil to discuss the complaint.

At the meeting, Fritts explained the requirements of the Act, and the remedy available to persons injured as a result of a violation of the Act. He asked for assistance in investigation, which was granted, and notified Sun Oil that it would have an opportunity to respond to his findings.

In March, 1973, Bryon A. Herford notified the Secretary of his intent to sue Sun Oil for alleged age discrimination resulting from his termination in December, 1972. After receiving the complaint, Fritts' convened another meeting with Sun Oil officials on April 3, 1973, notified them of the Herford complaint, and agreed to join them in further investigation.

On April 27, 1973, Fritts met for the third time with Sun Oil representatives, and informed them that he had concluded that Dearman and Herford had been terminated in violation of the Act. Given the findings, Fritts told the company officials that Dearman and Herford were entitled to back wages and reinstatement of employment. The Sun Oil representatives expressed their understanding, but disagreed with Fritts' findings, and refused to conciliate the claims of either Dearman or Herford. To do so, they suggested, might invite additional claims.

Given the Company's unwillingness "to alleviate the discrimination in any manner," *Fritts' affidavit,* p. 5, Fritts informed the officials that he would forward his findings to the Solicitor's office in the Labor Department for review and appropriate legal action. On that note, the meeting was adjourned.

On May 11, 1973, Fritts submitted the Sun Oil file to his supervisor, who, six days later, forwarded the case to the Solicitor's office, where it remained for an astonishing fifteen months.

On August 6, 1974, the file was finally returned to Fritts with instructions that he expand his investigation of discrimination

to include all employees over forty years of age who were laid off during 1972.

On September 10, 1974, Fritts met with a Sun Oil representative and asked him for assistance in expanding the investigation. As in the past, Sun Oil agreed to assist in any manner it could.

One month later, on October 17, 1974, Fritts, accompanied by two representatives of the Solicitor's office, convened what was to be the final meeting with Sun Oil officials. The general content of discussions of that meeting are revealed in Fritts' deposition:

> We told the officials of Sun Oil Company that we felt like the statistical information that we had developed revealed that the lay-offs that took place in '72 were handled in such a manner that it resulted in violations of the Age Discrimination Law. We also said that the exact extent of the violations was hard to determine, that we needed more time to develop this, to look into it, and it was requested that the Sun Oil Company would sign a waiver under the statute of limitations so we could pursue this.

*Fritts' deposition,* p. 47.

Sun Oil representatives refused to waive the statute of limitations and again refused to conciliate the claims of Dearman and Herford. They refused to make a general conciliation with all employees over forty years of age who were terminated in 1972. Sun Oil did not foreclose the possibility of conciliation with some of the former employees, but the Labor Department representatives were unable to specify the individuals, besides Dearman and Herford, with whom conciliation should be pursued. *Fritts' deposition,* p. 50. The meeting ended without agreement.

On November 25, 1974, the Secretary of Labor filed this suit against Sun Oil for age discrimination. The question for this Court is whether, before filing suit, the Secretary attempted to eliminate the alleged discrimination and effect voluntary compliance with the Act through conciliation, conference and persuasion.

■ The few courts that have been faced with this question are in agreement that the requirement of conciliation, conference and persuasion is a jurisdictional prerequisite to filing suit. *Hodgson v. Approved Personnel Service, Inc.,* 529 F.2d 760 (4th Cir. 1975); *Brennan v. Ace Hardware Corp.,* 495 F.2d 368 (8th Cir. 1974); *Burgett v. Cudahy Co.,* 361 F.Supp. 617 (D.Kan.1973). And while they differ somewhat in their precise definition of the above terms, the courts are uniform in interpreting the Act as requiring the Secretary to use strong, affirmative action to settle a controversy before resorting to the extremacy of litigation.

> The legislative history of the Act strongly indicates that conciliation, conference, and persuasion must constitute strong, affirmative attempts by the Secretary to effect compliance before resorting to legal action.
>
> \* \* \*
>
> From . . . the express provisions of the Act, the Secretary must initially use exhaustive, affirmative action to attempt to achieve conciliation before legal action is begun.

*Brennan v. Ace Hardware Corp., supra* at 374.

■ The specific requirements of the Secretary's duty under the Act are best described in *Dunlop v. Resource Sciences Corp.,* 410 F.Supp. 831 (N.D.Okl.1976), in which the District Court reviewed the leading circuit court cases on the subject and concluded that the duty was twofold.

First, the Secretary must investigate the alleged violation to determine whether a violation has occurred. If it has, the Secretary must then attempt to correct the violation through informal methods of conciliation, conference and persuasion.

■ This second duty of active pursuit of voluntary compliance requires that the Secretary notify the violator 1) of what the violator must do to comply with the Act, 2) that back wages may be recovered by those injured by the violation, 3) that the file is being referred to the Department of Labor

for review and possible legal action, and 4) that the violator will be given an opportunity to respond to the violations, in light of the possible remedy.

■ Given these guidelines, this Court has concluded that in the case at bar, the Secretary, with respect to the claims of discrimination against Dearman and Herford, has complied with the conciliation requirement of 29 U.S.C. § 626(b). The above facts reveal that during a four month period, between January and April, 1973, the Secretary's compliance officer actively pursued an investigation and resolution of the conflict between Sun Oil and its two former employees.

The defendant complains that because the Secretary waited fifteen months before again contacting the defendant, and nineteen months before filing suit, the Secretary failed to take the strong, affirmative action to effect compliance, as required by the Act. Yet the Court is of the opinion that there was little more for the Secretary to do but file suit. The Secretary had investigated the situation, informed the defendants of its findings, and notified the defendant of compliance requirements. The defendant openly disagreed with the findings and refused to conciliate. Legal action was the Secretary's only recourse.

While the Court is sympathetic to defendant's claim that the time lag between the April 27, 1973, meeting and the filing of this action in November, 1974, was so egregious as to bar suit on grounds of laches, the Age Discrimination Act explicitly provides for a two-year statute of limitation, which the Secretary did meet. 29 U.S.C. § 626(e) (1967). If Congress had thought a time lag of nineteen months to be unfair, it could have shortened the time for bringing an action under the Act.

■ The Court's determination that the Secretary complied with the conciliation requirement of the Act with respect to the Dearman and Herford complaints does not end the matter. The Secretary has also alleged discrimination by Sun Oil against all other employees whose jobs were terminated in 1972. With respect to this latter allegation, the Court has concluded that the Secretary failed to take the strong, affirmative and exhaustive action, as required by the Act, to effect compliance or achieve conciliation before filing suit. Indeed, the facts indicate that when the last conference between the two parties was held, the Secretary had not even completed its investigation of this latter allegation of discrimination.

That the investigation was incomplete is evidenced by the Secretary's request, at the October 17 meeting, that Sun Oil waive the statute of limitations so that the Labor Department's investigation of other possible acts of discrimination could continue. The Secretary's protestations to the contrary, it is evident that the primary purpose of the October 17 meeting was to obtain a waiver of the statute of limitations. True, the Labor representatives did attempt some conciliation of their claims after presenting statistical evidence which suggested that age discrimination had been a factor in the 1972 layoffs. However, no names of possible wronged employees were mentioned, other than those of Dearman and Herford, whose claims the Secretary had already attempted to conciliate. As compliance officer Fritts admitted, "the exact extent of the violations was hard to determine . . . we needed more time to develop this, to look into it." *Fritts' deposition*, p. 47.

■ In the absence of a determination of the exact extent of the violations, common sense dictates that there can be no conciliation, conference or persuasion, as required by the Act. While the Act was clearly designed for use as a sharp sword in the battle against discrimination, it was not intended to require an employer to surrender upon command of the Secretary of Labor, without a reckoning of the exact reasons for the command and an opportunity to answer those reasons.

Nor was the Act intended to protect the Secretary in cases such as this, where, after an inexcusable delay of a year and a half, the government is forced to barter for a limitations waiver so that it can continue its

investigation and begin the conciliation required by the Act. To hold otherwise would contravene the Eighth Circuit's mandate that government officials "approach their service with a spirit and an attitude of helpfulness and concern for all persons with whom they deal and not with ambiguity, nonchalance, and heavy-handedness of an all-pervasive federal bureaucracy." *Brennan v. Ace Hardware Corp., supra* at 374.

In conclusion, the Court is of the opinion that the Secretary of Labor complied with the conciliation requirement of 29 U.S.C. § 626(b) as to its allegations of discrimination against former Sun Oil employees Cecil Dearman and Bryon Herford. Defendant's motion for summary judgment as to these allegations must be denied.

The Secretary did not, however, meet the jurisdictional prerequisite of 29 U.S.C. § 626(b) with respect to its allegations of discrimination by Sun Oil against any other employees whose jobs were terminated in 1972. Therefore, the Court is of the opinion that as to these allegations defendant's motion for summary judgment should be granted.

Defendant's attorneys are requested to prepare and submit appropriate order.