Ray **MARSHALL, Secretary of Labor, United States Department of Labor, Plaintiff-Appellant,**

v.

**SUN OIL COMPANY OF PENNSYLVANIA, Defendant-Appellee.**

No. 77–1210 (74–C–474–B).

United States Court of Appeals, Tenth Circuit.

Argued Sept. 25, 1978.

Decided Feb. 1, 1979.

Rehearing Denied March 9, 1979.

---

Lois G. Williams, Atty., U. S. Dept. of Labor, Washington, D. C. (Carin Ann Clauss, Sol. of Labor, Carl W. Gerig, Jr., Acting Associate Sol., Paul D. Brenner, Atty., U. S. Dept. of Labor, Washington, D. C., and Ronald M. Gaswirth, Regional Sol., Dallas, Tex., with her on the brief), for plaintiff-appellant.

John J. Runzer, Pepper, Hamilton & Scheetz, Philadelphia, Pa. (Nancy J. Gellman, Philadelphia, Pa., with him on the brief), for defendant-appellee.

Before LEWIS, McKAY and LOGAN, Circuit Judges.

LEWIS, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the Northern District of Oklahoma dismissing a complaint brought by the Secretary of Labor against defendant under the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621 *et seq.*). Plaintiff has raised two issues in this appeal:

1. Whether the Secretary made sufficient efforts to effect voluntary compliance through informal conciliation as required by § 7(b) of the ADEA, 29 U.S.C. § 626(b).

2. Assuming failure of the Secretary to sufficiently pursue informal conciliation, whether the district court should have stayed proceedings rather than dismiss the complaint.

The factual setting to this action begins in May, 1973, when Emory Osgood notified the Secretary of Labor of his intent to sue defendant under the ADEA for allegedly

forcing him to take early retirement because of his age. Dean Speer, a Labor Department compliance officer, met with representatives of defendant in June, 1973 for two hours to discuss the Osgood case. Speer then conducted an investigation concerning possible ADEA violations by defendant with regard to other employees. In December, 1973, Speer notified Robert Webster, a representative of defendant, that remedial action in the form of re-employment or a cash settlement should be taken with respect to Osgood and another former employee, George Sokol. Sokol had not filed a notice of intent to sue, and defendant had not been previously informed that Sokol's case was specifically under investigation. When Webster responded that such remedial measures would not be taken, Speer advised him that the file would be forwarded to the Labor Department's legal office for analysis and a decision as to further action.

In May, 1974, James Daniels filed a notice of intent to sue defendant in Philadelphia. The Philadelphia compliance officer contacted defendant about Daniels, but later turned the matter over to Mr. Speer in Tulsa.

The Osgood/Sokol file was returned to Speer in July, 1974, with advice and instructions as to additional information to be developed. Pursuant to these instructions Speer furthered his investigation, and on October 23, 1974 Speer and a Labor Department attorney met with Webster. At that time Speer advised Webster of the government's finding that defendant had engaged in a pattern of age discrimination with regard to seven named individuals, including Osgood, Sokol and Daniels. This was the first indication to defendant from Speer that a specific investigation had been conducted with respect to the other four persons alleged to be discriminatees. Speer asked if defendant would agree to extend re-employment and lost wages to the seven individuals, but Webster answered that he did not have enough information about all of them to respond. Webster said he would

like to review the matter and would be prepared to discuss it at some later time. The Labor Department officials would not agree to further negotiations, however, unless defendant agreed to waive the statute of limitations which would run with respect to some of the named individuals on December 1.

Defendant refused to consent to the waiver, and the Secretary filed this suit the following month, alleging age discrimination against the seven former employees. The district court sustained defendant's Motion for Summary Judgment and dismissed the complaint with prejudice on grounds that the court lacked subject matter jurisdiction or, in the alternative, the complaint failed to state a claim upon which relief can be granted as a result of plaintiff's failure to attempt to effect voluntary compliance through informal methods.[1]

I.

The ADEA places primary emphasis on conciliation to resolve disputes. § 7(b) of the statute provides:

 * * * Before instituting any action under this section, the Secretary shall attempt to eliminate the discriminatory practice or practices alleged, and to effect voluntary compliance with the requirements of this chapter through informal methods of conciliation, conference, and persuasion.

The legislative history of the Act manifests the congressional intent that enforcement be effected wherever possible without resorting to formal litigation. The House Report states:

It is intended that the responsibility for enforcement vested in the Secretary by section 7, be initially and exhaustively directed through informal methods of conciliation, conference, and persuasion *and formal methods applied only in the ultimate sense.* (Emphasis added.)

H.R. No. 805, 90th Cong., 1st Sess., U.S. Code Cong. & Admin.News, pp. 2213, 2218 (1967).

---

1. The court below also ruled that the statute of limitations bars any claim on behalf of R. C. Holcomb, one of the seven named individuals. No appeal has been taken from this ruling, and the dismissal as to Holcomb still stands.

At the October 23 meeting, plaintiff failed to follow this legislative directive by conditioning further negotiations on defendant agreeing to waive the statute of limitations. Defendant had indicated a willingness to continue informal conciliation without the waiver, and over one month was available to that end before the December 1 deadline. Defendant was under no obligation to waive the statute of limitations, and it was reasonable for defendant to require time to review the case histories of the named individuals before formulating a response to plaintiff's demand for reinstatement and lost income. *Marshall v. Hartford Fire Ins. Co.,* D.Conn., 78 F.R.D. 97. By insisting on waiver of the limitations period as a condition to further negotiations, plaintiff prematurely restricted the conciliation process and thus failed to fully exhaust the informal enforcement avenues as contemplated by § 7(b). *Brennan v. Ace Hardware Corporation,* 8 Cir., 495 F.2d 368.

## II.

Our consideration of this case, however, does not end with the conclusion that plaintiff failed to fully perform his conciliatory function. The congressional desire that the Secretary "exhaustively" seek informal compliance before resorting to litigation places a heavy burden indeed upon the plaintiff, for an employer can almost always point to some avenue of conciliation which has not been "exhaustively" exploited. *Marshall v. Hartford Fire Ins. Co., supra,* at 104. Were the courts to demand full compliance with this exacting standard upon pains of dismissal, enforcement of the ADEA would be severely hampered. We have previously noted that "[t]he ADEA is remedial and humanitarian legislation and should be liberally interpreted to effectuate the congressional purpose of ending age discrimination in employment." *Dartt v. Shell Oil Co.,* 10 Cir., 539 F.2d 1256, 1260, *aff'd per curiam by an equally divided court,* 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270. The drastic step of dismissal in this action is incompatible with the humanitarian nature of the Act.

We are aided here by the recent decision of this court in *E.E.O.C. v. Zia Company,* 10 Cir., 582 F.2d 527. *Zia* was concerned with the sufficiency of EEOC conciliation efforts in an action arising under Title VII of the Civil Rights Act of 1964. Title VII contains a conciliation provision essentially identical to that of the ADEA,[2] and interpretations of one provision are useful in cases arising under the other. *Dartt v. Shell Oil Co., supra,* at 1259.

In *Zia,* the EEOC had failed to sufficiently exhaust conciliation possibilities in good faith, and the district court therefore concluded that it was without jurisdiction to grant relief. Remanding to the court below, we held that where there had been only a limited effort at conciliation, the district court nevertheless had jurisdiction over the cause of action. Our opinion then states:

> The inquiry into the duty of "good faith" on the part of the EEOC is relevant to whether the court should entertain the claim, or stay the proceedings for further conciliation efforts, not to its power over the cause. 582 F.2d at 533.

We likewise hold that in an ADEA case, once there has been significant effort by the Secretary to effect voluntary compliance, if the district court finds that further conciliation efforts are required the proper course is to stay proceedings until such informal conciliation can be concluded. Opportunity for full and exhaustive conciliation is thereby afforded without jeopardizing the injured persons' right of ultimate access to the courts. Such procedure harmonizes optimally with the dual purposes of the statute: "to prohibit arbitrary age discrimination in employment; [and] to help employers and workers find ways of meeting problems arising from the impact of age on employment." 29 U.S.C. § 621(b).

In the instant case the Labor Department officials made a substantial initial effort to effect voluntary compliance. In particular, plaintiff informed the defendant of the specific allegations of misconduct and

---

**2.** Compare 42 U.S.C. § 2000e–5(b) with 29 U.S.C. § 626(b).

what action was required to comply with the Act. While plaintiff's efforts fell far short of what might reasonably be considered "exhaustive," there was nevertheless a sufficient attempt at conciliation to meet the minimum jurisdictional requirement.

The matter is therefore remanded for further proceedings consistent with this opinion.