469 F.Supp. 1030 (1979)
Ray MARSHALL, Secretary of Labor, etc., Plaintiff,
v.
NEWBURG R-2 SCHOOL DISTRICT, Defendant.
No. 78-1137-C(3).
United States District Court, E. D. Missouri, E. D.
May 3, 1979.
*1031 Robert S. Bass, Kansas City, Mo., Joseph B. Moore, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.
Darold E. Crotzer, Jr., Steinberg & Crotzer, Clayton, Mo., for defendant.

MEMORANDUM
NANGLE, District Judge.
This action was instituted by the plaintiff, Secretary of Labor of the United States Department of Labor, against defendant Newbury R-2 School District, alleging violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq. It is now before the Court on defendant's motion to dismiss or, in the alternative, for summary judgment, and plaintiff's cross-motion for summary judgment.
In the summer of 1977, plaintiff began an investigation of defendant school district for possible ADEA violations. This investigation centered around defendant's discharge of three employees, Virginia Raskin, Helen Stapleton, and Evelyn Tracy, who had been terminated at the end of the 1975-1976 school year. On August 26, 1977, compliance officer Robert B. Arrowood met with the school superintendent, Fred Sipes, to discuss the possible violations. Arrowood requested the personnel files of the terminated employees, but Sipes refused to produce these. Arrowood met again with *1032 Sipes and Warren Schmidt, president of the Newburg School Board, in September and November, 1977. At the final conference, November 22, 1977, Arrowood informed them that the Department of Labor had determined that defendant had violated the ADEA in discharging the three employees. Arrowood also notified Schmidt and Sipes that because Tracy had been rehired by defendant and Stapleton received more money in her next job, damages and reinstatement would only be due Raskin. Finally, Arrowood told them that they could make Raskin "whole" by offering her reinstatement, back wages, and all the benefits she would have received absent termination. Schmidt and Sipes then informed Arrowood that they felt their actions were based on factors other than the ages of the employees, and that they would recommend that the board "go to court" if necessary rather than pay damages to Raskin. They refused to furnish information bearing on their beliefs when requested to do so by Arrowood.
Defendant's school board met in November and determined that there was no ADEA violation and therefore reinstatement was not in order. Arrowood telephoned Sipes on November 28, 1977 to learn of the school board's decision. He was then informed that the board had determined there was no ADEA violation and therefore there would be no reinstatement. All this information was given to the Office of the Regional Solicitor, United States Department of Labor in Kansas City, Missouri, in February, 1978. That office reviewed the statements and agreed that defendant was in violation of the ADEA.
Plaintiff, through the Regional Solicitor's office, wrote defendant on May 12, 1978, notifying defendant of this determination and reminding defendant of the steps necessary to remedy its action. Plaintiff notified defendant that it was willing to engage in further negotiations and proposed that defendant waive the statute of limitations during negotiations. Defendant through its attorney wrote to plaintiff that defendant was willing to negotiate, but defendant emphatically denied discrimination. Plaintiff replied to defendant on May 26, again requesting a waiver of the statute of limitations, which request was refused by the defendant. On July 13, plaintiff wrote defendant again requesting a meeting on August 1, to which request defendant agreed. Plaintiff's representative, however, was forced to cancel the meeting because of illness. No further conciliations took place before October 23, 1978, when this suit was filed.
The Secretary of Labor is empowered to bring actions based on age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 626(c). The Secretary, however, has a duty to meet with the defendant in an effort to obtain voluntary compliance with the Act. Section 7(b) of the Act, 29 U.S.C. § 626(b), provides in pertinent part:
Before instituting any action under this section, the Secretary shall attempt to eliminate the discriminatory practice or practices alleged, and to effect voluntary compliance with the requirements of this chapter through informal methods of conciliation, conference, and persuasion.
This requirement of conciliation is a strict one. It has been interpreted to mean that "the Secretary must initially use exhaustive, affirmative action to attempt to achieve conciliation before legal action is begun". Brennan v. Ace Hardware Corp., 495 F.2d 368, 374 (8th Cir. 1974). Brennan held that the requirements of Section 7(b) were not met when the Secretary met with the defendant twice to discuss applications which had been rejected, explained the term "age" at these meetings, telephoned the defendant to notify it that the Secretary had determined the Act had been violated, and then waited four months doing nothing to further effect conciliation before filing suit. Specifically in that case, the court found that the plaintiff's failure to inform the defendant that back wages were due the aggrieved applicants and that the plaintiff was considering legal action prevented him from satisfying the Section 7(b) requirement.
*1033 The cases since Brennan have followed a strict interpretation of the Section 7(b) requirement. In Usery v. Sun Oil Co. (Delaware), 423 F.Supp. 125 (N.D.Tex.1976) it was noted that, "[t]he courts are uniform in interpreting the Act as requiring the Secretary to use strong, affirmative action to settle a controversy before resorting to the extremacy of litigation". Id. at 128. The court found in that case that the Secretary had met the requirement of the Act because of active conciliation efforts during a four month period, at which point the defendants refused to conciliate further.
In Dunlop v. Resource Sciences, 410 F.Supp. 836 (N.D.Okl.1976), it was found that the Secretary had failed to conciliate sufficiently despite his allegations that the lack of co-operation on the defendant's part prevented him from making the normal determinations he needed to make in order to comply with the conciliation requirement. The court held that, standing alone, a failure on the defendant's part to conciliate and co-operate did not relieve the Secretary of his duty to conciliate, confer, and persuade.
In the most recent appellate court interpretation of Section 7(b), Marshall v. Sun Oil Co. of Pennsylvania, 592 F.2d 563 (10th Cir. 1979) it was held that the Secretary was under a duty to conciliate even as late as one month before the expiration of the statute of limitations. The court noted that the defendant was under no obligation to waive the statute of limitations, and further held that "[b]y insisting on a waiver of the limitations period as a condition to further negotiations, plaintiff prematurely restricted the conciliation process and thus failed to fully exhaust the informal enforcement avenues as contemplated by § 7(b)". Id. at 566.
In light of these interpretations of the Section 7(b) requirement of conciliation, the Court must conclude that plaintiff has not satisfied the statutory standard. Although plaintiff did inform defendant of the alleged violation, the determination by the Department of Labor, and the remedy of reinstatement with back pay, plaintiff nevertheless cannot be said to have "use[d] exhaustive, affirmative action to attempt to achieve conciliation before legal action is begun". Defendant offered to conciliate during the summer of 1978, but plaintiff nevertheless failed to set up meetings between the plaintiff and the defendant, and canceled the one meeting that was scheduled on August 1. Plaintiff has not alleged that during this period defendant refused to co-operate in any way with plaintiff, thereby making conciliation impossible. Rather, plaintiff merely alleges that conciliation was futile due to defendant's refusal to waive the statute of limitations and assertions that no age discrimination had occurred. As noted previously, defendant was not required to waive the statute of limitations. Furthermore, defendant's denial of liability under the Act is without legal significance for purposes of Section 7(b). Therefore, plaintiff's failure to conciliate during the summer of 1978 is not excused by defendant's actions. Plaintiff's cross-motion for partial summary judgment must be denied.
Defendant asserts that plaintiff's failure to satisfy the requirements of Section 7(b) should be grounds for dismissal of this case. Plaintiff argues that this Court has discretion to stay the proceedings rather than order dismissal, and that a stay of the action is in consonance with Congressional intent and recent case law. The Court agrees with plaintiff that the intent of Congress is that the Court should stay rather than dismiss such proceedings.
Congress' position on the matter has been conclusively stated in the 1978 amendments to the ADEA, particularly an amendment to Section 7(b) providing for the tolling of the statute of limitations for one year during the conciliation period.
[T]he conferees wish to make clear that conciliation is not a jurisdictional prerequisite to maintaining a cause of action under the act. In Brennan v. Ace Hardware Corp., 495 F.2d 368 (8th Cir. 1974), the court reflected a proper understanding of the conciliation requirement in rejecting the employer's argument that *1034 the statutory directive is a "condition precedent to the court entertaining jurisdiction of the legal action". In that case the court correctly noted that Section 7(b) grants to the district courts the equitable discretion to stay lawsuits pending before them in order to permit conciliation to be completed before the lawsuit continues.
House Conference Report No. 95-950, p. 13, 95th Cong. 2d Sess. 976, 1006 (1978), U.S. Code Cong. & Admin.News 1978, pp. 504, 534. Congress has thus made it abundantly clear that suits such as the instant one before the Court are not to be dismissed.
This Court's decision is also in accord with the recent decision in Marshall v. Sun Oil Co. of Pennsylvania, supra. There the court held that
. . . in an ADEA case, once there has been significant effort by the Secretary to effect [a] voluntary compliance, if the district court finds that further conciliation efforts are required the proper course is to stay proceedings until such informal conciliation can be concluded. Opportunity for full and exhaustive conciliation is thereby afforded without jeopardizing the injured persons' right of ultimate access to the courts.
Such a decision is even more compelling in light of Section 7(c) of the Act which provides that an individual's right to bring action for age discrimination shall terminate upon the Secretary's commencement of action. It would be manifestly unfair to the aggrieved individuals to deny their claims merely because the Secretary failed to perform the exhaustive conciliation required under Section 7(b). Accordingly, defendant's motion to dismiss will also be denied. This cause will be stayed and conciliation ordered.